IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ARTHUR C. MADGETT,** )<br>**No. 08139-025,** )<br> )<br>  Petitioner, )<br> )<br>vs. )<br> )<br>**UNITED STATES of AMERICA,** )<br> )<br>  Respondent. ) | Case No. 11-cv-1101-MJR |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

      This matter is before the Court on the motion of Arthur C. Madgett ("Petitioner") to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.  On May 7, 2009, Petitioner pleaded guilty to two counts of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1).  ***See USA v. Madgett*, Case No. 09-CR-30006-MJR.**

      On April 30, 2010, the undersigned Judge sentenced Petitioner to 235 months in prison on each count (sentences to be served concurrently), eight years of supervised release, a fine of $875, and a $200 special assessment.  Judgment was entered April 30, 2010.  Petitioner filed an appeal, which was subsequently dismissed on November 30, 2012, based on the provision of the plea agreement waiving appeal and collateral review rights.  The appellate court specifically noted that Petitioner had not challenged the validity of his plea (and the waiver).  On December 19, 2011, Petitioner filed the instant motion (the motion itself is dated December 10, 2010).

Petitioner raises multiple grounds for relief in the § 2255 motion, including that his attorney failed to investigate and properly explore a defense to the charges, and then coerced Petitioner into pleading guilty without advising Petitioner of the possibility of being sentenced as a career offender.  He further argues that to not consider whether he was denied effective assistance of counsel, and whether his sentence as a career offender was legal error (depriving the court of jurisdiction[1]) would amount to a miscarriage of justice, which would excuse any previous procedural default.  Petitioner intimates that appellate counsel's filing of an *Anders* brief amounted to ineffective assistance of appellate counsel.

The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided the waiver is knowing and voluntary.  *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir.), *cert. denied*, 520 U.S. 1281 (1997); *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995).  *See also United States v. Wenger*, 58 F.3d 280, 281 (7th Cir.), *cert. denied*, 516 U.S. 936 (1995).  Similarly, the Seventh Circuit has found that a waiver of § 2255 relief in a plea agreement is also enforceable, and should be treated no differently than the waiver of a direct appeal.  *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999).  Indeed, the Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement.  *Id.* at 1144; *United States v. Woolley*, 123 F.3d 627, 631-32 (7th Cir. 1997); *Feichtinger*, 105 F.3d at 1190.  *See also United States v. Woods*, 581 F.3d 531, 534 (7th Cir. 2009); *United States v. Emerson*, 349 F.3d 986, 988 (7th Cir. 2003).

However, a valid appellate waiver, though binding in other respects, does not preclude judicial review of a criminal defendant's assertion that the plea agreement *itself* was the

---

[1] Petitioner equates an incorrect sentence with a lack of jurisdiction.

product of ineffective assistance of counsel.  *U.S. v. Jemison*, 237 F.3d 911, 916 (7th Cir. 2001) (discussing *United States v. Joiner*, 183 F.3d 635, 645 (7th Cir. 1999)).  In the case at bar, Petitioner argues that counsel's inadequate performance and misinformation led him to plead guilty, making the waiver of review inapplicable in this limited scenario.  Without commenting on the merits of that argument, the Court concludes that the petition survives preliminary review under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, meriting a response from the Government.

The Court **ORDERS** the United States of America ("the Government") to file a response to Petitioner's motion by **September 28, 2012**.  The Government shall, as part of its response, attach all relevant portions of the record.  Petitioner may file a reply, no longer than five pages, on or before **October 19, 2012**.

**IT IS SO ORDERED.**

**DATED: August 23, 2012**

*s/ Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**